UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-282 |
| DARRELL LEWIS | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 597)** filed by Defendant, Darrell Lewis. The Government filed an opposition thereto. (Rec. Doc. 602). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Defendant's motion for compassionate release should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On February 2, 2017, Darrell Lewis appeared before the Court and pleaded guilty to conspiracy to distribute one kilogram or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 and conspiracy to possess firearms in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(o). As a result, the Court sentenced Defendant to 240 months in prison. (Rec. Doc. 529). Defendant is currently housed at FCI Yazoo City Medium with a projected release date of December 27, 2031

On January 11, 2021, Defendant filed a motion in this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic. (Rec. Doc. 597).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

## DISCUSSION

The Government argues that Defendant's e-mail to the warden failed to meet the exhaustion requirement. The Fifth Circuit has held that the exhaustion requirement is a mandatory claim-processing rule that must be enforced if properly raised by the government. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Administrative requests must also substantially comply with 28 C.F.R. § 571.61, which requires requests for compassionate release to set forth "at a minimum" (1) the

extraordinary or compelling circumstances that warrant consideration and (2) a proposed release plan. Although some courts have not strictly required *pro se* litigants to meet all of these requirements, some factual recitation at a minimum is required for the warden to fairly evaluate the compassionate release request. *See United States v. Samak*, No. CR 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) (holding that a petitioner's motion filed with the court must be premised on the same facts alleged in the corresponding request to the warden to meet the exhaustion requirement).

In this case, Defendant's request to the warden merely stated, "I would like my case to be reviewed for the CARES Act and compassionate release consideration." (Rec. Doc. 597 at p. 3). This bare request sets forth no grounds for compassionate release, and thus, fails to comply to any degree with the requirements of 28 C.F.R. § 571.61. Therefore, Defendant's motion for compassionate release should be denied for failure to exhaust his administrative remedies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Darrell Lewis's *Motion for Compassionate Release* **(Rec. Doc. 597)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of March, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE